UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BOBBY R. WALTERS )     | |
|           ) | |
|     Plaintiff,      ) | |
|  vs.            ) | No.1:08-cv-1505-WTL-DML |
|           ) | |
| OFFICER BRAD KELLER, et al., ) | |
|           ) | |
|     Defendants.     ) | |

**Memorandum of Decision Regarding Defense
of Failure to Exhaust Administrative Remedies**

For the reasons explained in this Entry, the defendants' affirmative defense that plaintiff Bobby Walters failed to exhaust available administrative remedies prior to filing this lawsuit is **sustained**.

**Discussion**

Walters' claim in this case is that the defendants subjected him to excessive force at the Wabash Valley Correctional Facility ("Wabash Valley"). The defendants assert that Walters failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), and sought summary judgment as to such defense. The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005).

Because there was a disputed issue of fact, the court denied the defendants' motion for summary judgment. Following the procedures mandated in *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008), additional discovery on the failure-to-exhaust defense was authorized and a hearing was conducted on May 6, 2010. Defendants were present at the hearing by counsel and Walters was not present. The court found that notice of the hearing was sent to Walters at his last known address and that he nonetheless failed to appear. Accordingly, the court proceeded with the hearing.

The credible testimony at the hearing reveals the following: There was a grievance process in place at Wabash Valley at the time of the incident Walters alleges. Walters' claim in this case was within the scope of matters as to which the grievance procedure at Wabash Valley applies. That process requires an inmate first to attempt to informally resolve a complaint with prison staff. If an inmate is unable to resolve his concerns informally, he may then file a formal grievance. If he is unsatisfied with the result of the formal grievance, he may file an appeal. An inmate must complete each of these steps before bringing a lawsuit. *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.") (footnote omitted).

At the time of the incident that Walters alleges, the grievance specialist at Wabash Valley maintained a record of every formal grievance filed and any correspondence inmates sent to her. In addition, all formal grievances were recorded in an electronic grievance database. While there is a record of other grievances Walters filed while incarcerated at Wabash Valley, there was no record either in the prison's electronic database or in the grievance specialist's files that Walters filed any grievance with respect to the claims in this case.

In short, although a grievance process was available to him, Walters did not file a grievance regarding the incident alleged in his complaint. Accordingly, the court finds that Walters never filed a formal written grievance and thus failed to exhaust his available administrative remedies. The defendants have met their burden of proof on this affirmative defense.

## Conclusion

For the reasons stated above, the defendants have met their burden of proving that Walters "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). The affirmative defense of failure to exhaust administrative remedies is therefore **sustained** and the action is **dismissed without prejudice.** *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

**IT IS SO ORDERED.**

Date: 05/07/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana